FILED
CLERK

9/25/2012 12:24 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
VIRGIL HILL,

                        Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           10-CV-5615(JS)(AKT)
United States Treasury Agent VINCENT
MARINO, United States Treasury Agent
JOSEPH MUSCATELLO, Nassau County
Detective RONALD R. SCHEPIS, Shield 883,
Nassau County Detective "JOHN DOE," and
Hempstead Police Detective DARREL P.
AIKEN,

                        Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiff:        James J. Keefe, Esq.
                      James J. Keefe P.C.
                      301 Mineola Blvd
                      Mineola, NY 11501

For the Federal
Defendants:           Diane C. Leonardo-Beckmann, Esq.
                      United States Attorney's Office
                      610 Federal Plaza
                      Central Islip, NY 11722

For the County
Defendants:
                      Diane C. Petillo, Esq.
                      Liora M. Ben-Sorek, Esq.
                      Office of the Nassau County Attorney
                      One West Street
                      Mineola, NY 11501

For Mr. Aiken:        Keith Michael Corbett, Esq.
                      William J. Garry, Esq.
                      Harris Beach PLLC
                      100 Wall Street, 23rd Floor
                      New York, NY 10005

SEYBERT, District Judge:

Plaintiff Virgil Hill sued Secret Service agents Vincent Marino and Joseph Muscatello (the "Federal Defendants"), Nassau County detectives Ronald Schepis and "John Doe" (the "County Defendants"), and Hempstead Village detective Darrell Aiken in a civil rights action. Pending before the Court are three pre-discovery, dispositive motions. For the following reasons, Aiken's motion (Docket Entry 29) is GRANTED and the Federal Defendants' and the County Defendants' motions (Docket Entries 33, 25) are DENIED with leave to re-file after a brief discovery period.

## BACKGROUND

Plaintiff's case stems from two arrests on two separate alleged crimes, neither of which resulted in Plaintiff's conviction. The Court briefly describes each.

## I. Plaintiff's First Arrest

In August 2007, the Federal Defendants were investigating complaints that someone used counterfeit fifty-dollar bills to buy merchandise from various stores in Nassau County. In the course of investigating, Agent Marino interviewed three employees who identified Plaintiff from photographic line-ups as the man who had passed the counterfeit notes.

In December 2007, the Federal and County Defendants arrested Plaintiff at his job and brought him to a Nassau County police department facility to be interviewed. Plaintiff explained that he was not involved in any counterfeiting and that he had been at work on the dates the phony bills were used. (Pl. Aff. ¶¶ 7-8.) At one point during the interview, the "John Doe" County Defendant, who Plaintiff now knows was Detective John Harvey, was alone with Plaintiff and said: "Virgil, I know you didn't do this crime; I hope you beat it." (Id. ¶ 8.) Plaintiff asked Harvey to tell his colleagues that they were making a mistake; Harvey replied that if Plaintiff told the others what Harvey had said, Harvey would deny it. (Id.)

Plaintiff was arraigned on felony counterfeiting charges and held in jail because he could not post $250,000 bail. (Id. ¶ 9.) He had been incarcerated for approximately two weeks when his boss appeared in court with computer records and surveillance video from Plaintiff's job that showed Plaintiff was indeed at work on the relevant dates and times. (Id. ¶ 10.) Upon receiving this evidence, the judge presiding over Plaintiff's case released him on his own recognizance. The charges remained pending until June 2009, when the Nassau District Attorney agreed to dismiss the case because it had lost contact with the civilian witnesses.

II. Plaintiff's Second Arrest

In September 2008--while his counterfeiting case was pending--Plaintiff was arrested again, this time on a drug charge by Aiken, a detective with the Village of Hempstead Police Department. Aiken stated that he observed Plaintiff sell marijuana to a confidential informant, he had a clear view of the transaction from a nearby unmarked police car, and his confidential informant had provided him with reliable information in the past. (Aiken Aff. ¶¶ 5, 8.)

According to Plaintiff, after he was arrested on the marijuana charge, he was questioned by a Nassau County police lieutenant who told Plaintiff that he was not interested in a drug sale and that he would prefer to learn more about Plaintiff's counterfeiting. (Pl. Aff. ¶ 11.) Plaintiff was released on an appearance ticket with an end-of-month return date.

According to Plaintiff, when he appeared in court two days later on the counterfeiting case, the assistant district attorney assigned to that case already knew that Plaintiff had been arrested on the drug charge. (Id. ¶ 11.) In Plaintiff's view, that the ADA would have learned so quickly of a drug case that resulted in only an appearance ticket (and with a return date several weeks hence) suggests that the purpose behind the

4

drug charge was to pressure Plaintiff into entering into pleading guilty in the counterfeiting case. (Id.)

DISCUSSION

Plaintiff asserts four claims: (1) a false arrest claim against the Federal and County Defendants arising from the counterfeiting arrest; (2) a malicious prosecution claim against the Federal and County Defendants arising from the counterfeiting charge; (3) a false arrest claim against Aiken arising from the drug arrest; and (4) a malicious prosecution claim against Aiken arising from the drug charge. All Defendants move for pre-discovery summary judgment. The Court recites the applicable legal standard and then addresses the parties' motions.

I. Legal Standard

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); McLee v.

5

Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997); FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134. The burden of proving that there is no genuine issue of material fact rests with the moving party. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994) (citing Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," LaBounty v. Coughlin, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

II. Analysis

   A. The Federal and County Defendants' Motion

       The Federal and County Defendants argue that probable cause negates Plaintiff's claims arising out of the

counterfeiting case and, alternatively, that they are entitled to qualified immunity. Of course, Defendants are correct that "[p]robable cause is a complete defense to any action for false arrest or malicious prosecution in New York." <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 751 (2d Cir. 2010). But although Defendants' argument that the photo identifications establish probable cause is well-taken, the court is mindful that there has not yet been any discovery. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery," <u>Hellstrom v. U.S. Dep't of Veterans Affair</u>, 201 F.3d 94, 97 (2d Cir. 2000), and Harvey's alleged statement that he thought Plaintiff was innocent (and that he'd deny that belief if Plaintiff repeated it to the other investigators) raises at least a question of what the Federal and County Defendants understood the evidence against Plaintiff to be at the time they arrested him. <u>Cf.</u> <u>Maron v. Cnty. of Albany</u>, 166 F. App'x 540, 542 (2d Cir. Feb. 13, 2006) ("When determining whether probable cause exists, courts 'must consider those facts available to the officer at the time of the arrest and immediately before it.'" (quoting <u>Lowth v. Town of Cheektowaga</u>, 82 F.3d 563, 569 (2d Cir. 1996)). Plaintiff has identified evidence that might bear on the probable cause analysis, <u>see</u> <u>id.</u> (probable cause is a "totality of the circumstances" inquiry); <u>see</u> <u>generally</u> <u>Gualandi</u>

v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004), and summary judgment is accordingly denied with leave to re-file after a brief discovery period. See, e.g. Themis Capital, L.L.C. v. Democratic Repub. of Congo, --- F. Supp. 2d ----, 2012 WL 3114732, at *1 (S.D.N.Y. July 26, 2012) (denying summary judgment but granting leave to re-file after limited discovery).[1]

B. Aiken's Motion

Aiken is entitled to summary judgment. Aiken's evidence shows that he personally observed Plaintiff sell drugs to a reliable confidential informant. This evidence is undisputed, and it strongly supports a finding of probable cause, see, e.g., Bourne v. Cnty. of Nassau, No. 05-CV-6067, 2009 WL 152658, at *4 (E.D.N.Y. Jan. 20, 2009). Although Plaintiff has not taken discovery, he has not specified how discovery might help him prove an absence of probable cause on the drug case. See Gualandi, 385 F.3d at 244-45. Plaintiff's theory that Aiken arrested Plaintiff to pressure him into pleading guilty in the counterfeiting case is entirely speculative, and the Court sees no need to send the parties on a fishing expedition. See Seneca Beverage Corp. v. Healthnow New York, Inc., 200 F. App'x 25, 27 (2d Cir. Sept. 26, 2006).

---

[1] Because this discovery may shed more light on whether the Federal and County Defendants had "arguable" probable cause, the Court rejects as premature these Defendants' bids for qualified immunity. See Maloney v. Cnty. of Nassau, 623 F. Supp. 2d 277, 292 (E.D.N.Y. 2007).

## CONCLUSION

For the foregoing reasons, Aiken's motion for summary judgment is GRANTED. The Federal and County Defendants' motions are DENIED with leave to renew after a brief discovery period.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  25 , 2012
       Central Islip, New York